UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ORTIZ II, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE FAMILY FOODS GROUP LLC,<br><br>Defendant. | Index #: 1:24-cv-9861<br><br>**DEFENDANT EAGLE FAMILY FOODS GROUP LLC'S NOTICE OF REMOVAL**<br><br>[Removed from Supreme Court of the State of New York, County of Bronx, Index No. 815459/2024E] |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Eagle Family Foods Group LLC ("Eagle Foods"), by and through their counsel, Akerman LLP, pursuant to 28 U.S.C. § 1332, 1441, and 1446, hereby removes the above-captioned action, *Carlos Ortiz II, individually and on behalf of all others similarly situated, v. Eagle Family Foods Group LLC*, Index No. 815459/2024E (the "State Court Action") which is pending in the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York based on diversity of citizenship and under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) ("CAFA"). Eagle Foods reserves all rights including defenses and objections as to venue, personal jurisdiction, and service, and the filing of this notice of removal is subject to, and without waiver of, any such defenses and objections. As grounds for removal, Eagle Foods states as follows:

#### I.  PROCEDURAL BACKGROUND

1.  On September 28, 2024, Plaintiff Carlos Ortiz II ("Plaintiff") filed the State Court Action, individually and on behalf of all persons he claims to be similarly situated, in the

79102596;1

- 2 -

Supreme Court of the State of New York, County of Bronx.  The matter was assigned Index No. 815459/2024E by the Clerk of Court.

2.        According to allegations in the Complaint, Plaintiff and the members of the putative class he purports to represent allege false and deceptive representations of Eagle Foods' "Movie Theater Butter" popcorn product in violation of New York's General Business Law §§ 349 and 350 (Compl. ¶¶ 71-86).

3.        The Complaint seeks monetary damages, interest, reasonable attorney fees, and other relief. *See* Compl. Jury Demand and Prayer for Relief, at 20.

4.        The Summons was served on Eagle Foods on or after November 26, 2024. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders (including the Summons and Complaint) served upon Eagle Foods in the State Court Action are attached as **Exhibit A**.

5.        Eagle Foods wishes to exercise its right under the provisions of 28 U.S.C. § 1332 and 1441 to remove this action from the Supreme Court of the State of New York, County of Bronx to this Court, based upon diversity of citizenship and CAFA jurisdiction.

6.        This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since any defendant first received a copy of the initial pleading, and this Notice of Removal was filed less than one year after commencement of the lawsuit.

7.        Pursuant to 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Eagle Foods will promptly give written notice of such filing to Plaintiffs, and Eagle Foods will file a Notice of Filing of Notice of Removal with the Court Clerk of the Supreme Court of the State of

New York, County of Bronx, in a form substantially the same as that annexed hereto as **Exhibit B**.

## II.     LEGAL GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

8. This Court has original jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2).

9. Pursuant to 28 U.S.C.A. § 1332, United States District Courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States" 28 U.S.C. § 1332.

### *There is Complete Diversity Between Plaintiffs and Defendant*

10. At the time of the commencement of this action, based on the allegations in the Complaint, Plaintiff Carlos Ortiz II is a citizen of New York. Compl. ¶ 50.

11. Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Eagle Foods is a Delaware limited liability company with a principal place of business in Ohio. Compl. ¶ 51. This shows for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2), Eagle Foods is a citizen of Delaware and Ohio.

13. Therefore, diversity is complete for purposes of 28 U.S.C. §1332(a)(2) because Plaintiff and Eagle Foods are citizens of different States.

***The Allegations Contained in the Summons with Notice Demonstrate that the Amount in Controversy in this Matter Exceeds $75,000.***

14. Based on the allegations in the Complaint, it reasonably appears that the amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds the sum of $75,000.

15. Based on the allegations in the complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

16. Eagle Foods has reviewed its records and determined that it sold approximately $2 million in sales of Movie Theater Butter over the class period in the New York Market.

17. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.

### III.   ORIGINAL JURISDICTION PURSUANT TO CAFA

16. This Court also has original jurisdiction over this case under CAFA, 28 U.S.C. §1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. §1441(a). As set forth more fully below, this is a civil putative class action wherein: (1) the proposed class contain at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other government entity; (4) the total amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs; and (5) none of the exceptions to CAFA jurisdiction applies. CAFA authorizes removal of such actions in accordance with 28 U.S.C. §1446. As discussed below, this cases meets the CAFA requirements for removal.

### *The Proposed Classes Contain At Least 100 Members in the Aggregate*

17. Under CAFA, "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that he brings the State Action "individually and on behalf of all others similarly situated." *See generally* Compl. This meets CAFA's definition of a putative class action. *See* 28 U.S.C. § 1332(d)(1)(B).

18. Plaintiff purports to bring claims on behalf of a putative class of individuals he defines as: "[a]ll persons in New York who purchased the Product in New York during the statutes of limitations, for each cause of action alleged." Compl. ¶ 61 (the "Putative Class").

19. The statute of limitations for General Business Law §§ 349 and 350 claims is three years. CPLR 214(2). This shows that the class period is three years.

20. Eagle Foods has reviewed its records and determined that it sold approximately 500,000 units of Movie Theater Popcorn over the class period in New York.

21. Based on Plaintiff's allegations in the Complaint, Eagle Foods reasonably believes CAFA's 100-person requirement is satisfied. *See Friar v. Vanguard Holding Corp.*, 78 A.D.2d 83, 96 (1980) ("the court should consider the reasonable inferences and common sense assumptions from the facts before it" in assessing class requirements).

### *Minimal Diversity Exists*

22. CAFA's diversity requirement is satisfied when at least one member of the Putative Class is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2)(A).

23. As outlined above, complete diversity exists between Plaintiff and Eagle Foods.

24. Therefore, CAFA's minimal diversity requirement is me here because at least one member of the Putative Class is a citizen of New York, a State different from Eagle Foods.

### *No Defendant is a Governmental Entity*

25. Eagle Foods is not a state, state official, or other government entity.

26. Therefore, CAFA's requirement for no governmental entity defendant is met.

### *The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs*

27. Under CAFA, to remove a case from state to federal court, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" 28 U.S.C. § 1332.

28. Courts evaluate "the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); § 1446(c)(2)(A). A plausible allegation that the amount in controversy exceeds the jurisdictional threshold is sufficient for removal. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. ("as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.") The Court determines whether the threshold is met by determining what a factfinder might lawfully award. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) ("For the question at this stage in the

- 7 -

proceedings isn't what damages the plaintiff will *likely* prove but what a factfinder *might* conceivably lawfully award." (emphasis in original)).

29. Although Eagle Foods denies and does not concede liability on Plaintiff's claim and disputes that any class action could be certified, assuming Plaintiff's allegations to be true for the purposes of removal only, Plaintiff's class claim place in controversy an amount greater than $5,000,000, exclusive of interest and costs.

30. Plaintiff seeks monetary damages, interest, reasonable attorney fees, and other relief. *See* Compl. Jury Demand and Prayer for Relief, at 20.

31. Although the Putative Class currently is limited to New York, the class might conceivably grow.

32. Eagle Foods has reviewed its records and determined that it sold approximately 500,000 units at $2 million in sales of Movie Theater Popcorn over the Putative Class period in New York.

33. New York's General Business Law § 349 allows recovery of "actual damages or fifty dollars, whichever is greater." N.Y. Gen. Bus. Law § 349 (McKinney). General Business Law § 350 allows recovery of "actual damages or five hundred dollars, whichever is greater." N.Y. Gen. Bus. Law § 350-e (McKinney). This shows that Plaintiffs could conceivably recover at least $550 per violation or treble actual damages of two million dollars. Whether considering statutory damages, or actual damages on an ongoing basis, in light of the ability to treble such actual damages, the amount at issue would exceed $5,000,000.00.

34. Therefore, the amount in controversy exceeds CAFA's $5,000,000 minimum threshold.

*The CAFA Exceptions Do Not Apply*

35. None of CAFA's jurisdiction exceptions apply in this case. *See* 28 U.S.C. § 1332(d)(3-4). Notwithstanding, Plaintiff bears the burden of proving an exception applies. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) ("whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception."). This shows it is not Eagle Foods' burden to show CAFA's exceptions do not apply.

### IV.   CONCLUSION

36. By reason of the amount in controversy and the complete diversity of citizenship of the properly joined parties, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a), 1332(d).

37. Accordingly, the action is removable from the Supreme Court of the State of New York, County of Bronx to this United States District Court, pursuant to 28 U.S.C. §§ 1332(a), 1332(d) and 1441(a).

**WHEREFORE**, Eagle Foods hereby remove the above action now pending in the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York.

(*Signature appears on next page.*)

Dated:  December 20, 2024

        Respectfully submitted,

        **AKERMAN LLP**

    By:  */s/ Ashley B. Akapo*
        Ashley B. Akapo
        1251 Avenue of the Americas, 37th Floor
        New York, New York 10020
        Tel:  212.822.2228
        Fax:  212.905.6404
        Ashley.Akapo@akerman.com
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, an attorney admitted to practice in the courts of this State who is not a party to this action, hereby state under penalties of perjury that on this date, I served Defendant's Notice of Filing Notice of Removal on plaintiff by causing a copy thereof to be sent via email and first class mail, postage prepaid to it attorneys:

>Spencer Sheehan
>Sheehan & Associates P.C.
>60 Cuttermill Rd Ste 412
>Great Neck, NY 11021
>spencer@spencersheehan.com
>*Attorney for Plaintiff*

Dated: December 20, 2024

By:  */s/ Ashley B. Akapo*
      Ashley B. Akapo