UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS ORTIZ II, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

EAGLE FAMILY FOODS GROUP LLC,

                Defendant.

Case No. 1:24-cv-09861 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Carlos Ortiz II ("Plaintiff") commenced this putative class action in New York state court against Defendant Eagle Family Foods Group LLC ("Defendant"), alleging violations of New York General Business Law Sections 349 and 350 in connection with the alleged misbranding of Defendant's product, Popcorn Indiana Movie Theater Butter Popcorn. *See generally* Dkt. 1-1 ("Compl"). Defendant then removed this action to federal court. *See* Dkt. 1. Now pending before this Court are Plaintiff's motion to remand this action to the New York Supreme Court, Bronx County, and Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkts. 4, 12. For the following reasons, Plaintiff's motion is GRANTED and Defendant's motion is DENIED as moot.

**BACKGROUND**[1]

Plaintiff Ortiz is a New York citizen. Compl. ¶ 41. Defendant is a Delaware LLC with a principal place of business in Ohio. Dkt. 1 ¶ 12.[2] Defendant manufactures, labels,

---

[1] The facts described herein "derive principally from the complaint, the notice of removal, and the briefing on the instant motion seeking remand." *Westchester County v. Mylan Pharms., Inc.*, 737 F. Supp. 3d 214, 217 (S.D.N.Y 2004) (quoting *Ohno Enters. v. Allen*, No. 15-cv-06675 (KAM) (RER), 2016 WL 3512176, at *1 (E.D.N.Y. June 22, 2016)).

[2] Although Defendant, an LLC, has not satisfactorily alleged its citizenship when it pleaded the locations of its headquarters and principal place of business, *see Bayerische Landesbank v.*

markets, packages, distributes and/or sells "Movie Theater Butter" popcorn under the Popcorn Indiana brand (the "Product"). Compl. ¶ 10. The Product is labeled "Naturally Flavored" and is promoted as "Made With Real Butter." Compl. ¶ 10. It is sold at $2.79 for three ounces. Compl. ¶ 40. Plaintiff alleges that he purchased the Product between August 2021 and August 2024 under the belief that it was made with real butter, but that Defendant actually makes the Product with clarified butter and natural butter flavor. Compl. ¶¶ 35, 37, 54-57. He alleges that he paid more for the Product than he would have had he known that real butter was not the "exclusive or predominant source of [the Product's] taste," or that real butter was not "present in a relatively significant amount, compared to other ingredients." Compl. ¶ 58.

Plaintiff brought suit in the New York Supreme Court, Bronx County, on September 28, 2024. *See generally* Compl. He brings claims under New York General Business Law ("GBL") Sections 349 and 350, N.Y. Gen. Bus. Law §§ 349, 350; and seeks damages based on the amount that he and the proposed class allegedly overpaid. *See* Compl. ¶¶ 71-86. Defendant was served on November 26, 2024, Dkt. 1-1 at 2, and timely removed the case to federal court on December 20, 2024, *see* Dkt. 1; 28 U.S.C. § 1446(b). Defendant contends that the Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1 ¶ 16.[3]

Plaintiff moved to remand on December 21, 2024. Dkt. 4; Dkt. 5 ("Br."). After seeking an extension of the time to respond, Dkt. 9, Defendant filed its opposition on January

---

*Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (explaining that "a limited liability company . . . takes the citizenship of each of its members"), the Court has not directed Defendant to correct this deficiency as the Court concludes that remand is required because of deficiencies in the amount in controversy.

[3] Defendant initially asserted that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), *see* Dkt. 1 ¶ 8, but has since informed the Court that it does not oppose remand on this ground and only seeks removal based on CAFA, *see* Opp. at 2 n.1.

20, 2025, Dkt. 10 ("Opp."). Plaintiff filed his reply on January 25, 2025, Dkt. 14 ("Reply"), and the motion is fully briefed. Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on January 24, 2025. Dkt. 12. That motion is also fully briefed. *See* Dkts. 16, 18. Since the motion to remand requires the Court to resolve whether it has jurisdiction, the Court begins (and ultimately ends) with that motion.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under CAFA, federal district courts also have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A), and in which there are 100 or more class members, *id.* § 1332(d)(5)(B). "[T]he claims of the individual class members [are] aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(6). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011); *see also Ma v. United Rentals (N. Am.) Inc.*, 678 F. Supp. 3d 412, 414 (S.D.N.Y. 2023) (similar).

"[J]urisdictional facts, such as the amount in controversy," are generally evaluated "on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006). It is the "general rule" in this Circuit that "the amount in controversy is measured from the plaintiff's viewpoint." *Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 482 (S.D.N.Y. 2003) (citation omitted).

3

The amount pleaded on "the face of the complaint" is presumptively treated as "a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). But where, as here, "the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994); *accord Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013).

## DISCUSSION

Defendant's Notice of Removal claims that the Court may properly exercise jurisdiction under CAFA because the proposed class has more than 100 members, minimal diversity exists, and the amount in controversy exceeds $5,000,000. Dkt. 1 ¶¶ 21, 24, 29. Specifically, Defendant argues that GBL Sections 349 and 350 permit Plaintiff and the proposed class to recover statutory damages that, when aggregated, would exceed the jurisdictional amount. *Id.* ¶¶ 33-34. Defendant further argues that, even setting aside statutory minimum damages, the amount in controversy threshold is met because treble damages for willful or knowing violations are available under GBL Sections 349 and 350. *See* Opp. at 6-7. Defendant finally argues that the costs of compliance, combined with actual damages, would also exceed the jurisdictional amount. *See id.* at 8-9.

As to the first two arguments, Plaintiff responds that Defendant cannot show that the $5,000,000 jurisdictional amount is satisfied because New York law bars plaintiffs from seeking statutory penalties or treble damages in class actions. Br. at 4-7. The Court agrees. "[T]he amount in controversy is determined at the time of removal, which depends on state

law." *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-cv-01238 (JS) (WDW), 2014 WL 2945741, at *5 (E.D.N.Y. June 30, 2014); *see also Lo v. St. George's Univ.*, No. 14-cv-03577 (SJF) (SIL), 2014 WL 6673849, at *8 (E.D.N.Y. Nov. 24, 2014) (evaluating amount in controversy of a removed case "at the time th[e] action was removed to this Court" based on state law). In calculating the amount in controversy on a motion to remand, courts in this Circuit exclude damages that a plaintiff could not have sought in their state court action. *See, e.g.*, *Alicea v. Cir. City Stores*, No. 07-cv-06123 (DC), 2008 WL 170388, at *1 (S.D.N.Y. Jan. 22, 2008) (declining to include treble damages in calculating amount in controversy because N.Y. C.P.L.R. ("CPLR") 901(b) "preclude[d] [plaintiff] from seeking treble damages"); *Ramirez v. Oscar De La Renta, LLC*, No. 16-cv-07855 (RA), 2017 WL 2062960, at *6 (S.D.N.Y. May 12, 2017) (excluding liquidated damages in calculating the amount in controversy where plaintiff "did not seek liquidated damages" because "had [she] done so, she would have been unable to maintain a state-court class action pursuant to" Section 901(b)); *Lo*, 2014 WL 6673849, at *8 (excluding monetary damages from amount-in-controversy calculation where "petitioner could not recover the monetary damages he initially sought in this Article 78 proceeding at the time this action was removed to this Court" because of CPLR rule limiting when monetary relief could be awarded arising out of agency actions); *cf. Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (excluding punitive damages from amount-in-controversy calculation because they were "generally not available in breach of contract cases" under Tennessee law). Under New York law, plaintiffs generally may not maintain class actions that seek to recover statutory penalties, such as the minimum damages set forth in GBL Sections 349 and 350, or treble damages based on GBL Section 349(h) for willful or knowing violations. *See* N.Y. C.P.L.R. 901(b) ("Unless a statute creating or imposing a penalty, or a minimum measure of recovery

5

specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."); *Ridge Meadows Homeowners Ass'n v. Tara Dev. Co.*, 665 N.Y.S.2d 361, 361 (App. Div. 1997) (treble damages under GBL Section 349(h) barred by CPLR 901(b)). The Complaint makes no mention of statutory or treble damages, presumably because Plaintiff would not have been able to "maintain a state-court class action pursuant to [CPLR] § 901(b)" if he sought them. *Ramirez*, 2017 WL 2062960, at *6; *see also Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1038 (9th Cir. 2024) (evaluating GBL Sections 349 and 350 claims and noting the parties' agreement that "§ 901(b) would prevent this case from being litigated as a class action in New York state court because the class seeks statutory damages"). As a result, Plaintiff is correct that the statutory minimum damages and treble damages should be excluded from the Court's amount-in-controversy calculation, since he has not sought them and would be barred from seeking them in the class action he filed in New York state court. The Court will therefore exclude the statutory minimum damages and treble damages in estimating the amount in controversy.

Defendant's reliance on *Shady Grove Orthopedics Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010) (plurality opinion), does not alter this conclusion. *See* Opp. at 4-7. In *Shady Grove*, the Supreme Court considered whether, under *Erie Railroad Co. v. Tompkins*, 559 U.S. 393 (1938), CPLR 901(b) governed a putative class action initially brought in federal court. *See* 559 U.S. at 398. A majority of the Court concluded that it did not. *See id.* at 406-408; *id.* at 416 (Stevens, J., concurring in part and concurring in the judgment). Defendant argues that as a result, the Court may include statutory damages under GBL Sections 349 and 350 in evaluating the amount in controversy for CAFA jurisdiction, and, indeed, that federal courts do so routinely. *See* Opp. at 4-7. But the cases upon which

6

Defendant relies were initially filed in federal court, not removed from state court. *See Famular v. Whirlpool Corp.,* No. 16-cv-00944 (VLB), 2019 WL 1254882, at *11 (S.D.N.Y. Mar. 19, 2019); *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 571, 574 (S.D.N.Y. 2021); *Bardsley v. Nonni's Foods LLC*, No. 20-cv-02979 (NSR), 2023 WL 3570550, at *2, *5 (S.D.N.Y. May 18, 2023). Because the plaintiffs in those cases brought their claims in federal court, they could maintain a class action seeking statutory damages under GBL Sections 349 and 350 under Rule 23 based on *Shady Grove*, even though they could not seek such damages in state court. *See Shady Grove*, 559 U.S. at 415 (acknowledging that the Supreme Court was "keeping the federal-court door open to class actions that cannot proceed in state court"); *Famular*, 2019 WL 1254882, at *11 (including statutory damages in class certification analysis under Rule 23 but acknowledging that statutory damages under GBL Sections 349 and 350 "would be barred if the same [class] action were to proceed in New York state court" (citing *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 551 (E.D.N.Y. 2017), *remanded on other grounds sub nom. Kurtz v. Costco Wholesale Corp.*, 768 F. App'x 39 (2d Cir. 2019) (summary order))); *Sharpe v. A&W Concentrate Co.*, No 19-cv-00768 (BMC), 2021 WL 3721392, at *10 (E.D.N.Y. July 23, 2021) (similar). But *Shady Grove* did not alter the rule that "[r]emovability is determined from the record as of the time the petition for removal is filed," *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (quoting *United Food*, 30 F.3d at 301), which requires the Court to look to the law governing the claims brought in state court, *see Abdale*, 2014 WL 2945741, at *5 (considering CPLR 901(b)'s prohibition on punitive damages in calculating the amount in controversy for purposes of evaluating whether jurisdiction existed on removal of action because "the amount in controversy is determined at the time of removal, which depends on state law"); *see also Parola v. Citibank (S. Dakota), N.A.*, No. 11-cv-01017, 2011 WL 5374146, at *2 (D. Conn. Nov. 8, 2011) (upon removal,

7

"[w]hen evaluating the amount in controversy presented by state law causes of action, federal courts 'look to state law'" and referencing Connecticut law to see what damages were permissible (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S 348, 352-53 (1961))).

*DiPonzio v. Bank of America Corp.* is instructive. *See generally* No. 11-cv-06192, 2011 WL 2693912 (W.D.N.Y. July 11, 2011). In *DiPonzio*, the defendants similarly asserted that *Shady Grove* applied to a putative class action removed from state court and argued that the court should include liquidated damages in its calculation of the amount in controversy despite CPLR 901(b)'s bar. *See id.* at *4. The court disagreed, explaining that "[b]ecause [p]laintiff legally could not claim liquidated damages in the state court in which the case was proceeding, liquidated damages [could] not be included to calculate whether the amount in controversy satisfied" the jurisdictional requirement. *Id.* at *5. Other courts have reached similar conclusions. *See, e.g.*, *Ramirez*, 2017 WL 2062960, at *6 (excluding liquidated damages from amount-in-controversy calculation for removed putative class action, in part because of CPLR 901(b)'s bar); *Alicea*, 2008 WL 170388, at *1 (finding that treble damages under Section 349 should not be included in amount-in-controversy requirement for removed putative class action, in part because CPLR 901(b) "preclude[d]" plaintiff from seeking them in her class claim).[4] Because Plaintiff did not (and could not) seek statutory minimum damages or treble damages in his class action filed in state court, the amount in controversy at the time of removal did not include those damages. *See* 14C Wright & Miller, *Federal Practice and Procedure* § 3725.4 (rev. 4th ed. 2024) (explaining that "the federal district court

---

[4] Based on the foregoing, the Court is not persuaded by the single removal case upon which Defendant relies, *Andersen v. Walmart Stores, Inc.*, No. 16-cv-06488, 2017 WL 661188 (W.D.N.Y. Feb. 17, 2017), which did not address *Shady Grove* or CPLR 901(b). *See* Opp. at 5.

8

must attempt to determine the magnitude of the amount put into controversy from the complaint filed by the plaintiff in state court . . . as of the time of removal").

Moving to Defendant's last argument, it contends that "[e]ven absent statutory damages, more than $5 million is at issue" because it would at minimum have to refund the purchase price paid by the class totaling nearly $2,000,000 and would then have to take costly corrective measures totaling $3,641,289 if Plaintiff prevails, despite the fact that Plaintiff has not sought injunctive relief. *See* Opp. at 8-9. The parties dispute whether the $2,000,000 purchase-price amount is an accurate estimate of the proposed class's damages. *See id.* at 8; Br. at 7-8. The Court need not resolve this issue. Even if the Court accepts the $2,000,000 amount, as Defendant proposes, the amount in controversy still falls short of the jurisdictional requirement because the remaining $3.6 million in projected compliance costs is not properly considered for purposes of the amount in controversy. "In the Second Circuit, the amount in controversy is measured strictly from the *plaintiff's* viewpoint, *without regard to the amount at stake for any other party*." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007) (emphases added) (citing *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 48-49 (2d Cir. 1972)). This rule "applies to removal actions just as it does to actions filed originally in federal court." *Id.* (quoting *Colon v. Rent-A-Center, Inc.*, 13 F. Supp. 2d 553, 558 (S.D.N.Y. 1998)); *see also Bernard v. Gerber Food Prods. Co.*, 938 F. Supp. 218, 221-22 (S.D.N.Y. 1996) ("Congress's intent to restrict federal court jurisdiction would be diluted if courts measured the costs of relief from the defendant's viewpoint in a removal action and such a rule would broaden, rather than restrict, federal court jurisdiction."). Plaintiff has sought money damages and has not sought an injunction compelling Defendant to take corrective measures or declaratory relief. The speculative compliance costs Defendant has identified are not part of the amount in controversy when measured from Plaintiff's viewpoint, even if the

9

costs might be "at stake" for Defendant if Plaintiff prevails.  *Am. Standard*, 498 F. Supp. 2d at 717; *cf. Bernard*, 938 F. Supp. at 221-22 (rejecting argument that costs of injunction to defendant should be included in amount-in-controversy calculation in removed action).  As a result, the Court excludes the $3.6 million in compliance costs from its calculation and the remaining $2,000,000 does not meet CAFA's amount-in-controversy requirement.

Since Defendant has not met its burden to establish that the amount in controversy exceeds $5,000,000, the Court is without jurisdiction and must grant the motion to remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.  Defendant's motion to dismiss is DENIED without prejudice as moot.  The Clerk of Court is respectfully directed to terminate the motions at Dkts. 4 and 12.  The action is REMANDED to New York state court.

Dated: March 28, 2025
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge